IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY CARGILE, | ) | CASE NO. 1:08 CV 2760 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Gregory Cargile, for supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Cargile had severe impairments consisting of seizure disorder, a substance addiction disorder, post-traumatic stress disorder, and schizoaffective disorder.[1] The ALJ made the following finding regarding Cargile's residual functional capacity:

> Mr. Cargile retains the following residual functional capacity. He has no exertional limitations. He can never use ladders, ropes, or scaffolds, must avoid all exposure to workplace hazards, and is precluded from occupational driving. Mr. Cargile is limited to simple, routine, low-stress tasks and is precluded from tasks that involve arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others.[2]

---

[1] Transcript ("Tr.") at 20.

[2] *Id.* at 22.

The ALJ determined that the above-quoted residual functional capacity did not preclude Cargile from performing his past relevant work as a driver helper.[3] He, therefore, found Cargile not under a disability.[4]

Cargile asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Cargile argues that the ALJ improperly rejected the opinions of treating and examining sources and medical expert testimony in the record in determining his residual functional capacity.

I conclude that substantial evidence supports the ALJ's residual functional capacity finding and the finding that Cargile could perform his past relevant work. The decision of the Commissioner denying the application for supplemental security income must, therefore, be affirmed.

## Analysis

**1.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on

---

[3] *Id.* at 30.

[4] *Id.*

> review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.      Substantial evidence and the residual functional capacity finding**

This case presents a single issue – whether substantial evidence supports the ALJ's residual functional capacity finding and the determination, based on that finding, that Cargile could perform his past relevant work.

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Cargile relies heavily on two opinions in the record. The first is from a consulting examining psychologist, David V. House, Ph.D., done in May of 2005.[8] Dr. House concluded that Cargile had an extreme mental impairment that would have met a listing under Appendix 1 to the regulations.[9]

In the second opinion relied on by Cargile, that of Hershel Goren, M.D., the medical expert, Dr. Goren opined that Cargile would meet the listing.[10]

Despite these two opinions, Cargile does not argue that the ALJ made an error at step three. Rather, he argues that substantial evidence does not support the residual functional capacity finding at step four because Cargile had significant sustainability problems not compensated for by the limitations in that finding.

In discounting the weight giving to the opinions of Dr. House and Dr. Goren, the ALJ essentially articulated that those opinions are not supported by the medical evidence in the record.[11] The state agency reviewing psychologist opined that Cargile was malingering and intentionally made a poor showing before Dr. House to support his disability case.[12] The ALJ points to the fact that no other medical source reported the kinds of problems exhibited by Cargile at the House evaluation and that Cargile showed no difficulties when filling out

---

[8] Tr. at 348-54.

[9] *Id.* at 353-54.

[10] *Id.* at 362-63. Dr. Goren relied in part on the opinion of Dr. House.

[11] *Id.* at 25-26.

[12] *Id.* at 370.

his questionnaire and giving an interview at the agency office.[13]  Also, the ALJ points to the fact that Cargile was undergoing no mental health treatment at the time of the House evaluation and only began such treatment three months later at Murtis-Taylor.[14]

In the substantial evidence contest, Cargile relies upon the opinions of Dr. House and Dr. Goren and the Murtis-Taylor records.[15]  The ALJ relies upon the opinion of the agency reviewing psychologist, the lack of contemporaneous mental health treatment at the time of Dr. House's opinion, and the claimant's performance when he interviewed before the agency and filled out the questionnaire during that interview.

Although the weight of the evidence arguably supports Cargile here, I cannot conclude that this is not a "jury question," particularly since the ALJ did find mental impairments and included limitations within the residual functional capacity to compensate for those impairments.

Under the substantial evidence standard of review, if reasonable minds could reach different conclusions on the evidence, the Commissioner wins.[16]  The court may not disturb the Commissioner's finding even if the preponderance of the evidence favors the claimant.[17]  The preponderance of the evidence may well support Cargile's position.  But the evidence

---

[13] *Id.* at 25.

[14] *Id.*

[15] *Id.* at 462-95.

[16] *LeMaster*, 802 F.2d at 840.

[17] *Rogers*, 486 F.3d at 241.

ruled on by the ALJ is enough to "survive directed verdict."[18] Here, "substantial evidence" supports the ALJ's decision.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Cargile had no disability. Accordingly, the decision of the Commissioner denying Cargile supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: November 12, 2009                     s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[18] *LeMaster*, 802 F.2d at 840.